IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TREVOR MATTIS, | ) | |
| Plaintiff | ) ) ) | Case No. 1:16-cv-306 |
| vs. | ) ) | RICHARD A. LANZILLO |
| DEPARTMENT OF CORRECTIONS, ET AL. | ) ) ) | UNITED STATES MAGISTRATE JUDGE |
| Defendants | ) ) ) | ORDER |

Plaintiff Trevor Mattis has filed "objections" to this Court's opinion and order (ECF No. 129, ECF No. 130). Inasmuch as all parties have consented to the jurisdiction of a United States Magistrate Judge, the Court will construe Mattis' latest filing as a Motion for Reconsideration. *See, e.g., Cox v. Denning*, 2014 WL 4843951, *1 (D. Kan. Sept. 29, 2014). For the reasons that follow, the motion is **GRANTED**.

Mattis asks the Court to reconsider its ruling of June 20, 2019, granting summary judgment in favor of the Defendants. *See* ECF No. 2019. Although Mattis does not designate a particular foundation for his motion, such motions are generally considered under Federal Rule of Civil Procedure 59(e). *Weist v. Lynch,* 710 F.3d 121, 127 (3d Cir. 2013) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). *See also Blystone v. Horn*, 664 F.3d 397, 415–16 (3d Cir. 2011). However, "[t]he scope of a motion for reconsideration ... is extremely limited." *Id.* A party seeking reconsideration must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence unavailable when the court dismissed the motions; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Keifer v. Reinhart Foodservices*, LLC, 563 Fed. Appx.

1

112, 114-115 (3d Cir. 2014) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

In granting summary judgment to the Defendants in this case, the Court noted that "Mattis has also failed to comply with the local rules of this Court by referencing exhibits in his concise statement which he did not attach and file. Nor did he provide copies of these exhibits to the Defendants. Thus, he is citing to material that is not in the summary judgment record." ECF No. 130, p. 5. Mattis now states that he did file the exhibits with the Court and served the Defendants in accordance with prison mail procedures. ECF No. 131, p. 1-2. He attaches cash slips for postage to his motion, dated December 12, 2018, as evidence that he properly mailed and served the exhibits. ECF No. 131-1. Mattis states that he placed the exhibits "directly into the hands of the prison officials on his unit because they were too bulky to be placed into the mailbox. Once this mail is handed to the prison officials, plaintiff no longer has any control over the process." ECF No. 130, p. 2. Assuming an "inadvertent misplacement of the filings by prison officials," Mattis argues that it would be "fundamentally unfair [] at this stage in the proceedings" for the Court to have granted summary judgment "without considering the overwhelming amount of material evidence that supports plaintiff's claims." ECF No. 131, p. 2.

The Court agrees with Mattis that the missing exhibits should be considered and that their absence from the record may not be his fault. Granting summary judgment without these exhibits would amount to a manifest injustice under Rule 59(e)(3). Therefore, Mattis is hereby **ORDERED** to refile the missing exhibits within twenty (20) days of the date of this order. Defendants may then respond with a supplemental Reply Memorandum within fourteen (14) days of Mattis filing the exhibits with the Court.

So ordered.

 

                                                                                                        */s/ Richard A. Lanzillo*
                                                                                                        RICHARD A. LANZILLO
                                                                                                        United States Magistrate Judge

Entered this 16th day of July, 2019.