IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TREVOR MATTIS, | ) |
| | ) |
| Plaintiff | ) Case No. 1:16-cv-00306 (Erie) |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| M. OVERMYER, GUSTAFSON, | ) UNITED STATES MAGISTRATE JUDGE |
| CUMMINS, BEST, MEALY, | ) |
| HASPER, KENNEDY, SHEESLEY, | ) |
| SGT. ANTHONY, and MCNEELY, | ) |
| | ) OPINION AND ORDER ON |
| Defendants | ) RECONSIDERATION |
| | ) |

I. Introduction

By Order dated July 16, 2019, this Court granted Plaintiff Trevor Mattis' request for reconsideration of a prior order granting summary judgment to the Defendants. *See* ECF No. 132. In granting summary judgment to the Defendants, the Court faulted Mattis for failing to comply with the Local Rules by not attaching and/or filing various exhibits upon which he relied in opposing the Defendants' motion. *See* ECF No. 120. Mattis, in his motion for reconsideration, claimed that he had indeed filed the exhibits and served copies of them upon opposing counsel.[1] ECF No. 131, p.1-2. The Court granted his request to reconsider and instructed Mattis to file the missing exhibits and re-serve them on opposing counsel. ECF No. 132. Mattis has complied. *See* ECF Nos. 133, 134, 135. The Court then afforded the Defendants an opportunity to respond to the filing of these exhibits should they choose to do so. ECF No. 137. Defendants Hasper and McNeely did so and the other Defendants did not. ECF

---

[1] Mattis filed "Objections to the Court's Memorandum Opinion and Order on Summary Judgment." But inasmuch as the parties consented to the jurisdiction of a United States Magistrate Judge, the Court construed his objections as a motion for reconsideration. *See* ECF No. 132.

1

Nos. 138, 139. Having reviewed the exhibits, the Court concludes that it did not err in its prior Order granting summary judgment.

II.     Standard

The Federal Rules of Civil Procedure do not specifically address requests for reconsideration. *Rodriguez v. City of Cleveland*, 2009 WL 1565956, *1–2 (N.D. Ohio 2009). Such motions are generally considered under Rule 59(e). *Weist v. Lynch*, 710 F.3d 121, 127 (3d Cir. 2013) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). *See also Blystone v. Horn*, 664 F.3d 397, 415–16 (3d Cir. 2011). However, "[t]he scope of a motion for reconsideration ... is extremely limited." *Id.* A party seeking reconsideration must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence unavailable when the court dismissed the motions; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Keifer v. Reinhart Foodservices, LLC*, 563 Fed. Appx. 112, 114-115 (3d Cir. 2014) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." *Bolick v. DFS Servs., LLC*, 2012 WL 13018253, at *1 (E.D. Pa. Jan. 25, 2012) (citing *United States v. Babalola*, 248 Fed. Appx 409, 411 (3d Cir. 2007)); *see also Mack v. Yost*, 2014 WL 12710689, at *1 (W.D. Pa. Apr. 3, 2014).

II.     Discussion

    A.     Procedural History

Defendants Anthony, Best, Cummins, Gustafson, Kennedy, Mealy, Overmyer, and Sheesley filed a Motion for Summary Judgment on October 23, 2018, as did Defendant McNeely. ECF No. 100, 104. Defendant Hasper filed a Motion for Summary Judgment on

October 24, 2018. ECF No. 108. Mattis filed a Consolidated Response in Opposition to the motions on December 17, 2018. (ECF No. 114). Mattis also filed a Response in Opposition to the Concise Statements of Material Fact (ECF No. 115) and a Brief in Support of Response in Opposition (ECF No. 117). He also filed an Appendix to his Response in Opposition (ECF No. 114).

Numerous pages of exhibits were attached to Mattis' filings. For example, appended to his Response in Opposition (ECF No. 114) were copies of Defendant Shawn Anthony's Responses to Plaintiff's Request for Admissions (Second Set) (ECF No. 114-1), Defendant Hasper's Answers to Plaintiff's Request for Admissions/Interrogatories (Second Set) (ECF No. 114-2), Defendant Kennedy's Responses to Plaintiff's Request for Admissions (ECF No. 114-2), and Defendant McKeel's Response to Plaintiff's First Request for Admissions (ECF No. 114-2). Mattis also filed an Appendix which was nothing more than a list and description of one hundred and twenty-six exhibits. ECF No. 117. Despite a certificate of service to the contrary, none of the exhibits listed in this Appendix were filed with the Clerk of Court or served on opposing counsel.

B. Exhibits on Reconsideration

Generally, "it is improper to introduce new exhibits with a motion for reconsideration, unless the exhibits were somehow unavailable when the original motion was decided." *Panarello v. City of Vineland*, 2016 WL 3638108, at *8 (D.N.J. July 7, 2016); *see also Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) ("We have made clear that 'new evidence,' for reconsideration purposes, does not refer to evidence that a party ... submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." (quotations and

citations omitted)). But here, Mattis claims he served these exhibits on the Defendants and Defendants claim never to have received them. Thus, in response to the Court's reconsideration order, Mattis has now filed the following exhibits: his own affidavit (ECF No. 133, pp. 1-33), the affidavit of LeRoy Reed (*Id.* at p. 34), an affidavit of Richard Wimbush (*Id.* at pp. 35-36), a declaration of Samuel Right (*Id.* at p. 37); an affidavit of Barry Jones (*Id.* at p. 38); an affidavit of Hyson Frederick (*Id.* at p. 39); and affidavit of Stephan L. Massenburg II (*Id.* at p. 41); an affidavit of Phyllis Cross (*Id.* at p. 42); an declaration of Anthony Holley (*Id.* at p. 44); a declaration of James Heller (*Id.* at p. 45-46); an affidavit of Shadarryl Jones (*Id.* at p. 47); a declaration of Eric Maple (*Id.* at p. 48); an affidavit of David Bradley (*Id.* at p. 49); a declaration of Joshua Benz (*Id.* at p. 50); an affidavit of Tony [last name illegible] (*Id.* at p. 51); a declaration of Roy Wyatt (*Id.* at p. 52-56); a letter to Superintendent Overmyer from Attorney Mitchell Scott Stutin, who represented Mattis for his state court post-conviction proceedings (*Id.* at p. 57); and a declaration from Angel Ortega and Carlos Martinez (*Id.* at p. 58). In addition to these affidavits and declarations, Mattis also filed seventy-five exhibits which constitute copies of misconduct charges, grievances, medical records, commissary receipts, DOC policy documents, inmate request forms, psychological progress notes, an academic journal article, and a copy of a Pennsylvania Code section. ECF No. 134; ECF No. 134-1; ECF No. 135.

    C.    The filing of these new exhibits does not alter the Court's prior decision to grant the DOC Defendants' motions for summary judgment.

The Court has carefully reviewed and considered Mattis' recently filed exhibits and reconsidered its prior decision in light thereof. Nothing contained in these exhibits alters the Court's prior decision to grant the DOC Defendants' motions for summary judgment. *See* ECF No. 128. Starting with Mattis' own affidavit, this exhibit amounts to a restating of the arguments he raised in his responses in opposition to the Defendants' motions for summary judgment. *See,*

*e.g.*, ECF No. 114, ECF No. 115, ECF No. 116. The DOC Defendants' motion for summary judgment was granted because Mattis failed to properly exhaust his administrative remedies. *See* ECF No. 123, pp. 14-21. His newly filed affidavit acknowledges the filing of Grievance 619880, but does not provide any explanation for his failure to name Defendants Overmyer, Kennedy, Sheesley, Best, Mealy, and Anthony. As previously determined, Mattis did exhaust his claim regarding the elimination of his Z-Code against Defendants Gustafson and Cummins, but his affidavit fails to provide any new information that would require the Court to reconsider its prior holding that Mattis received frequent and proper mental health treatment and that the summary judgment record supported the PRT's conclusion that there was no basis for continuing Mattis' single cell classification.

Similarly, nothing in the affidavits of the numerous other individuals filed by Mattis requires the Court to reconsider its prior ruling in favor of the DOC Defendants. These affidavits do not attest to anything that remotely relates to the exhaustion of Mattis' claims regarding the revocation of his Z-Code. For example, eight of these affidavits attest to Mattis' contention that he cannot be housed with another inmate. *See* ECF No. 133, pp. 37 (Wright); 38 (Jones); 39 (Frederick); 41 (Johnston); 44 (Holley); 45 (Heller); 47 (Jones); and 48 (Maple). The remaining affidavits focus on the affiant's personal experiences in the RHU (*id.* at p. 36 (Reed), 52-55 (Wyatt)); the violent culture or conditions at SCI-Forest (*id.* at p. 47 (Bradley), 50 (Benz); the requirement that previously Z-Coded inmates find a roommate (*id.* at p. 58 (Ortega and Martinez); and an altercation involving Mattis and a cell mate at a difference prison in 1991 (*id.* at p. 51 (last name illegible)). Affiants Bradley, Benz, Ortega, Martinez, and Wyatt do not mention Mattis by name. There is an affidavit from Phyllis Cross, Mattis' mother, who avers that her son's difficulties with PTSD make double-celling inappropriate for him. *Id.* at 42.

Lastly, two affidavits discuss their belief that Defendant Overmyer refused to grant Mattis release from the RHU. *Id.* at 35 (Winbush), 40 (Massenburg). Lastly, Mattis has filed a letter from Attorney Strutin in which counsel asks Defendant Overmyer not to revoke Mattis' Z-Code status because doing so will impact Mattis' "physical and psychological well-being." *Id.* at p. 57.

None of these previously missing affidavits, declarations, and letters speak to Mattis' failure to properly grieve the removal of his Z-Code by failing to name several of the Defendants in that process, nor do they provide any evidence from which a reasonable juror could conclude that the removal of Mattis' Z-Code violated his rights under the Eighth Amendment.

        D.        The previously missing exhibits do not alter the Court's prior grant of summary judgment to Defendants Hasper and McKeel.

As noted previously, Defendants Hasper and McKeel filed responses to Mattis' filing of the missing exhibits. They argue that the new filings have no effect on the Court's prior ruling awarding them summary judgment. Upon review of these exhibits, the Court agrees. None of the new exhibits establish a genuine issue of material fact from which a reasonable jury could conclude that either of these Defendants were deliberately indifferent to or otherwise violated Mattis' constitutional rights. The previously discussed affidavits are irrelevant to Mattis' claims against these medical defendants. Further, the medical and psychological records only confirm that Mattis was evaluated on numerous occasions before his Z-Code was removed. In sum, none of these replacement filings have any impact on the Court's prior decision and order as relates to these two Defendants.

III. Conclusion

The Court has reconsidered its prior ruling in light of Mattis' recently supplemented material. The Court's previous ruling (ECF No. 128) on the Defendants' motions for summary judgment (ECF Nos. 100, 104 and 108) stands.

So ordered.

                                                          RICHARD A. LANZILLO
                                                        United States Magistrate Judge

Entered and ordered this 5th day of November, 2019.